Jan P. Weir (Bar No. 106652)
jweir@mrllp.com
Kathrine J. Brandt (Bar No. 262740)
kbrandt@mrllp.com
MICHELMAN & ROBINSON, LLP
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:    (714) 557-7991

Attorneys for Plaintiff
SPITZ TECHNOLOGIES CORPORATION

John B. Sganga, Jr. (Bar No. 116211)
john.sganga@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:   (949) 760-0404
Facsimile:    (949) 760-9502

Attorneys for Defendants
NOBEL BIOCARE USA LLC,
NOBEL BIOCARE SERVICES AG,
and NOBEL BIOCARE AB

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPITZ TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NOBEL BIOCARE USA, LLC, NOBEL BIOCARE SERVICES AG, and NOBEL BIOCARE AB<br><br>Defendants.<br><br>AND RELATED COUNTER-ACTION | Case No. 8:17-cv-00660-JVS-JCG<br><br>Hon. James V. Selna<br>Magistrate Judge Jay C. Gandhi<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.  A. <u>PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, and information the disclosure of which is likely to cause harm to the competitive position of the entity from which the information was obtained, or which may be privileged or otherwise protected from

disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: C.D. Cal. Case No. 8:17-cv-00660-JVX-JCG.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL BUSINESS INFORMATION": information that has not been made public; information that includes trade secret or other confidential research, development, or commercial information the disclosure of which could cause harm to the business operations or the competitive commercial position of the Designating Party or provide improper business or commercial advantage to others; or information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery

as "CONFIDENTIAL BUSINESS INFORMATION."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and includes support staff.

2.8 <u>House Counsel</u>: in-house attorneys who provide legal advice to a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

209828                                              3
STIPULATED PROTECTIVE ORDER

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL BUSINESS INFORMATION."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items

that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL BUSINESS INFORMATION" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL BUSINESS INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or in writing within ten (10) days of receipt of the deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate "CONFIDENTIAL legend."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this

209828                                    6

STIPULATED PROTECTIVE ORDER

Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL BUSINESS INFORMATION". Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL BUSINESS INFORMATION" only to:

(a) the Receiving Party's Counsel;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, in accordance with the procedures outlined in Section 7.3 below;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants[1], and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who has been shown to otherwise possess or know the information; and

---

[1] The Parties disagree regarding the disclosure of CONFIDENTIAL BUSINESS INFORMATION to mock jurors at this time. The Parties agree to revisit the issue of mock juror access to CONFIDENTIAL BUSINESS INFORMATION at a later phase in the litigation and stipulate that agreement to this joint protective order is without prejudice to, and does not waive, any Party's right to raise the issue of mock juror access to CONFIDENTIAL BUSINESS INFORMATION at a later time.

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Expert Disclosure Procedure</u>. For any proposed expert witness or consultant described in paragraph 7.2(b), the party retaining the expert witness or consultant shall provide written notice at least ten (10) calendar days before the disclosure to the proposed expert or consultant of any CONFIDENTIAL BUSINESS INFORMATION of a Designating Party, including a signed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) along with the *curriculum vitae* of the expert witness or consultant, the expert witness or consultant's business address, business title, business or profession, the existence of any previous or current relationship (personal or professional) with any of the parties or their competitors, and all companies for which the expert witness or consultant has consulted, advised, been employed by, or been a member of any advisory or governing body for, within the last four years. The Designating Party shall have ten (10) calendar days after such notice to serve an objection in writing to such a disclosure. No CONFIDENTIAL BUSINESS INFORMATION shall be disclosed until after the expiration of the ten (10) calendar day notice period. Upon receipt of a written objection, the party retaining the expert witness or consultant shall then have five (5) business days to respond to the objection. If the parties cannot come to an agreement, within ten (10) business days after the expiration of the five (5) day response period, the Designating Party may file an objection with the Court and seek disqualification of the expert witness or consultant or other appropriate relief. Failure to file an objection with the Court within the prescribed period shall constitute a waiver of any objection to the expert witness or consultant and CONFIDENTIAL BUSINESS INFORMATION may be thereafter disclosed to the expert witness or consultant.

///

209828                                 8
STIPULATED PROTECTIVE ORDER

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL BUSINESS INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

209828                                    9
STIPULATED PROTECTIVE ORDER

1    (b)     In the event that a Party is required, by a valid discovery request, to
2    produce a Non-Party's confidential information in its possession, and the Party
3    is subject to an agreement with the Non-Party not to produce the Non-
4    Party's confidential information, then the Party shall:

5              (1)    promptly notify in writing the Requesting Party and the Non-
6    Party that some or all of the information requested is subject to a confidentiality
7    agreement with a Non-Party;

8              (2)    promptly provide the Non-Party with a copy of the
9    Stipulated Protective Order in this Action, the relevant discovery request(s), and
10   a reasonably specific description of the information requested; and

11             (3)    make the information requested available for inspection by
12   the Non-Party, if requested.

13   (c)     If the Non-Party fails to seek a protective order from this court
14   within 14 days of receiving the notice and accompanying information, the
15   Receiving Party may produce the Non-Party's confidential information
16   responsive to the discovery request. If the Non-Party timely seeks a protective
17   order, the Receiving Party shall not produce any information in its possession or
18   control that is subject to the confidentiality agreement with the Non-Party before
19   a determination by the court. Absent a court order to the contrary, the Non-Party
20   shall bear the burden and expense of seeking protection in this court of its
21   Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected

1 Material under seal is denied by the court, then the Receiving Party may file the
2 information in the public record unless otherwise instructed by the court.

### 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

### 14. VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

209828 12
STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 5, 2017               MICHELMAN & ROBINSON, LLP

                                  By: /s/ *Jan P. Weir*
                                      Jan P. Weir
                                      Kathrine J. Brandt
                                      Attorneys for Plaintiff
                                      SPITZ TECHNOLOGIES
                                      CORPORATION

Dated: July 5, 2017               KNOBBE, MARTENS, OLSON & BEAR, LLP

                                  By: /s/ *John B. Sganga*
                                      John B. Sganga
                                      Sheila N. Swaroop
                                      Attorneys for Defendants
                                      NOBEL BIOCARE USA, LLC,
                                      NOBEL BIOCARE SERVICES,
                                      AG and NOBEL BIOCARE AB

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July __6__, 2017           _____
                                  Honorable Jay C. Gandhi
                                  United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of _____ , declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Spitz Technologies Corp., v. Nobel Biocare USA LLC et al.*, Case No. 8:17-cv-00660-JVS-JCG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____