| | |
|---|---|
| DON HOWARTH, Bar No. 53783<br>dhowarth@howarth-smith.com<br>PADRAIC J. GLASPY, Bar No. 259563<br>pglaspy@howarth-smith.com<br>HOWARTH & SMITH<br>523 West Sixth Street, Suite 728<br>Los Angeles, California 90014<br>Telephone: (213) 955-9400<br>Facsimile: (213) 622-0791<br><br>Attorneys for Plaintiff<br>SPITZ TECHNOLOGIES<br>CORPORATION | JOHN B. SGANGA, JR., Bar No. 116211<br>john.sganga@knobbe.com<br>SHEILA N. SWAROOP, Bar No. 203476<br>sheila.swaroop@knobbe.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, Fourteenth Floor<br>Irvine, California 92614<br>Telephone: (949) 760-0404<br>Facsimile: (949) 760-9502<br><br>Attorneys for Defendant<br>NOBEL BIOCARE USA LLC |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPITZ TECHNOLOGIES CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>NOBEL BIOCARE USA, LLC,<br><br>    Defendant.<br><br>AND RELATED COUNTER-ACTION | Case No. 8:17-cv-00660-JVS-JCG<br><br>Hon. James V. Selna<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY PROTECTIVE ORDER** |

NOBEL BIOCARE USA, LLC ("Nobel"), on the one hand, and SPITZ TECHNOLOGIES CORPORATION ("Spitz"), on the other hand, by and through their counsel below, hereby stipulate as follows:

WHEREAS, on or about April 11, 2017, Spitz filed a lawsuit in this Court against Nobel as the above-entitled action (the "Nobel Action");

WHEREAS, Spitz was represented in the Nobel Action by the law firm Michelman & Robinson, LLP ("Michelman") and by the Quinn Emanuel law firm ("Quinn");

WHEREAS, this Court entered a Protective Order in this case on or about July 6, 2017, at Docket No. 28 (the "Protective Order"), which is incorporated by reference herein;

WHEREAS, the Protective Order governed, in part, the protection of certain documents produced in the course of the Nobel Action that were designated by the parties as "CONFIDENTIAL BUSINESS INFORMATION", and the use and disclosure of documents and information so designated ("Protected Material") was restricted, including the restriction that said documents could only be used or disclosed "only for prosecuting, defending, or attempting to settle this Action" and that such documents "may be disclosed only to the categories of persons and under the conditions described in this Order" [Dkt. 28 at ¶ 7.1];

WHEREAS, in the course of the Nobel Action, the parties did in fact produce documents that were designated by the party producing them as "CONFIDENTIAL

BUSINESS INFORMATION" under the Protective Order;

WHEREAS, the Nobel Action was dismissed on or about September 6, 2019;

WHEREAS, after the resolution of the Nobel Action, Spitz has advised that a potential dispute arose between Spitz and Michelman relating to this litigation;

WHEREAS, Spitz has advised that, in the course of assessing its potential claims against Michelman, Spitz made a request for, and Michelman purported to produce its client file for the Nobel Action, which file included documents produced under and subject to the protections of the Protective Order entered by the Court in this litigation;

WHEREAS, the terms of the Protective Order remain in full force and effect as to the documents and information that were produced pursuant to it;

WHEREAS, Spitz has advised that it is represented in assessing its potential claims by the law firm Howarth & Smith;

WHEREAS, under the terms of the Court's Protective Order, neither Howarth & Smith, nor any experts retained thereby, nor any mediator, arbitrator, or Court who may preside over the litigation of the dispute between Spitz and Michelman are permitted to obtain and review the documents designated under the Protective Order because any disclosure or use of the documents would not be in connection with the Nobel Action, and because such parties do not fit into the categories of individuals permitted to view such documents under the Protective Order;

WHEREAS, Spitz has advised that documents designated by Nobel as

Protected Material are part of the client file owned by Spitz and are relevant to assessment of the Spitz claims and to the issues in the dispute between Spitz and Michelman;

WHEREAS, in order to minimize burden to Nobel, the parties to the Court's Protective Order and their respective counsel, agree that the terms of the prior Protective Order should be modified to permit the use of documents designated by Nobel as Protected Material in connection with Spitz's potential claims against Michelman;

WHEREAS, federal courts have jurisdiction to modify protective orders that they issue where they are still in force and effect, even after a judgment is final on a case. *See, e.g.*, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 782–783 (1st Cir. 1988) ("we find that, because the protective order was still in effect, the district court had the power to make postjudgment modifications to the protective order"); *FDIC v. Ernst & Ernst*, 677 F.2d 230 232 (2d Cir.1982); *Krause v. Rhodes*, 671 F.2d 212 (6th Cir.), *cert. denied,* 459 U.S. 823, 103 S.Ct. 54 (1982); *United States v. GAF Corp.*, 596 F.2d 10, 16 (2d Cir.1979); *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596–97 (7th Cir.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1533 (1979); *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265–66 (9th Cir.), *cert. denied,* 379 U.S. 900 (1964); Marcus, *Myth and Reality in Protective Order Litigation*, 69 Cornell L. Rev. 1, 41–53 (1983); Note, *Nonparty Access to Discovery Materials in Federal Court*, 94 Harv. L. Rev. 1085, 1091–96 (1981); and

WHEREAS, good cause exists for this Court to enter the modifications to the Protective Order [Dkt. 28], incorporated herein.

NOW, THEREFORE THE UNDERSIGNED COUNSEL AND PARTIES HEREBY STIPULATE AS FOLLOWS:

1. The July 6, 2017 Protective Order entered by this Court in the Nobel Action [Dkt. 28] shall be amended and modified as provided herein below to allow for the use of documents designated by Nobel as containing Protected Material and produced thereunder in connection with the dispute between Spitz and Michelman, provided that Nobel is provided with notice of and has the ability to approve of disclosure of its Protected Material prior to such disclosure being made, as set forth below.

2. All provisions of the Court's prior Protective Order not amended, modified, or inconsistent with the provisions herein shall remain in full force and effect.

3. Information and/or documents that were designated by Nobel under the Protective Order as "CONFIDENTIAL BUSINESS INFORMATION" may be used for the limited purpose of evaluating, assessing, prosecuting, defending, or attempting to settle the dispute between Spitz and Michelman. Such use of Protected Material designated by Nobel shall be limited to the categories of persons and under the conditions described in the Protective Order and this Stipulation and Modification.

///

4. Information and/or Documents that were designated under the Protective Order as "CONFIDENTIAL BUSINESS INFORMATION" may be disclosed to the following persons:

    (a) outside counsel representing Spitz (the Howarth & Smith firm), Michelman, and any insurers thereof, including all paralegal assistants, secretarial and stenographic and clerical employees working under the supervision of such counsel, which outside counsel (with the exception of the Howarth & Smith firm identified above) shall be identified to Nobel prior to the disclosure of any CONFIDENTIAL BUSINESS INFORMATION, and provided such outside counsel that has not signed this Amendment executes an Agreement attached hereto as Exhibit A;

    (b) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by such counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes an Agreement attached hereto as Exhibit A;

    (c) experts or consultants (i) retained by any attorney described in Paragraph 4(a) to assist in connection with the dispute between Spitz and Michelman, (ii) who is not a current employee of Spitz or Michelman, (iii) who has no current or prior relationship with any competitor in the dental implant industry; and (iv) provided such expert or consultant

|   |   |   |
|---|---|---|
| 1 |   | executes an Agreement attached to the Protective Order as Exhibit A and |
| 2 |   | provides to Nobel a copy of his or her current CV, business address, |
| 3 |   | business title, business or profession, the existence of any previous or |
| 4 |   | current relationship (personal or professional) with Nobel or any of its |
| 5 |   | competitors, and all companies for which the expert or consultant has |
| 6 |   | consulted, advised, been employed by, or been a member of any |
| 7 |   | advisory or governing body for, within last four (4) years, and receives |
| 8 |   | confirmation that Nobel has no objection to disclosure of its Protected |
| 9 |   | Material to such expert or consultant prior to any such disclosure being |
| 10 |   | made; |
| 11 | (d) | a person who prepared, received, or reviewed the Protected Material |
| 12 |   | prior to, or independent from, its production in the Nobel Action; |
| 13 | (e) | a person, such as an attorney from the Michelman firm, who was |
| 14 |   | authorized to view the Protected Material in the course of pursuing or |
| 15 |   | defending the claims in the Nobel Action, provided that, prior to viewing |
| 16 |   | any Protected Material in connection with the dispute between Spitz and |
| 17 |   | Michelman, such an individual is identified to the opposing party and to |
| 18 |   | Nobel and executes an Agreement attached to the Protective Order as |
| 19 |   | Exhibit A; |
| 20 | (f) | during depositions and preparation for depositions, a deposition witness |
| 21 |   | who is a current or former employee, officer, agent, contractor and/or |

consultant of the party that produced the applicable document(s) or who appears to have knowledge of the contents of the document designated "CONFIDENTIAL BUSINESS INFORMATION" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes an Agreement attached to the Protective Order as Exhibit A;

(g) any private mediators employed by the parties in connection with the dispute, provided any such person executes the Agreement attached to the Protective Order as Exhibit A; and

(h) any Court and/or arbitrator that presides over any proceedings in connection with the dispute between Spitz and Michelman, and their respective staff.

5. Within sixty (60) days of the resolution of the dispute between Spitz and Michelman, and subject to the exceptions in paragraph 13 of the Protective Order, Spitz and Michelman will provide written confirmation to Nobel that all Protected Material exchanged in connection with the dispute has been destroyed. Final disposition shall be deemed to be the later of (1) the last payment made pursuant to any settlement between Spitz and Michelman of all claims by Spitz relating to Michelman's representation in the Nobel Action; (2) the dismissal of all claims and defenses in any formal lawsuit filed by Spitz; (3) final judgment and completion or exhaustion of all appeals, rehearings, remands, trials, or reviews in any formal lawsuit

filed by Spitz; and (4) the expiration of the statute of limitations on any claims belonging to Spitz against Michelman.

6. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file any Protected Material in any public forum or record prior to the trial of any dispute between Spitz and Michelman, without first giving reasonable notice to the designating party and attempting to file such material under seal. A Party that seeks to file under seal in any action brought by Spitz against Michelman any Protected Material must comply with the applicable rules and procedures as govern any such action. If the request to file any Nobel Protected Material under seal is denied by the court in any such action, then the Party shall immediately notify Nobel and shall not file the Protected Material in the public record until Nobel has had the opportunity to pursue appropriate relief. Nobel shall have thirty (30) days to apply to the relevant court for relief. If no such application or motion is brought in that time, the Nobel Protected Material may be filed in the public record. If Nobel does apply to the relevant court in that time period, no Nobel Protected Material shall be filed in the public record until the court rules on any application or motion brought by Nobel.

7. The use at trial of any Protected Material produced and designated pursuant to the Protective Order shall be governed by a separate order from the court that hears the dispute between Spitz and Michelman. Spitz shall immediately notify Nobel if it initiates an action in any court regarding its dispute with Michelman. Any

party seeking to restrict the use of any Protected Material at the trial of any such action shall apply to the court to apply whatever protection it deems necessary.  In order to give any designating party the opportunity to apply for protection of its Protected Material at trial, any party seeking to introduce such Protected Material shall notify the relevant designating party by email no later than fifteen calendar days prior to the anticipated use of the Protected Material and provide notice to the designating party of its intent to use the Protected Material.  Notice to Nobel shall be provided to the following:

    Robert Schwimmer: Robert.Schwimmer@envistaco.com

    Gail Katz: Gail.Katz@envistaco.com

    John Sganga: John.Sganga@knobbe.com

    Sheila Swaroop: Sheila.Swaroop@knobbe.com

IT IS SO STIPULATED.

Dated: March 19, 2021　　　　　　　　　　HOWARTH & SMITH

　　　　　　　　　　　　　　　　By:　 */s/ Don Howarth*
　　　　　　　　　　　　　　　　　　　Don Howarth

　　　　　　　　　　　　　　　　Attorneys for SPITZ TECHNOLOGIES CORPORATION

Dated: March 19, 2021　　　　　　　　　　KNOBBE MARTENS

　　　　　　　　　　　　　　　　By:　 */s/ Sheila Swaroop*
　　　　　　　　　　　　　　　　　　　Sheila Swaroop

　　　　　　　　　　　　　　　　Attorneys for NOBEL BIOCARE USA, LLC

**Attestation of Filing**

I, Don Howarth, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order to Modify Protective Order. In compliance with Local Rule 5-4.3.4, I hereby attest that the above signatories have concurred in this filing's content and have authorized this filing.

**Stipulated Protective Order**

Good cause appearing therefore, the Court hereby Orders that the Above Modifications to the Protective Order issued in the above-entitled case are granted. All provisions not inconsistent with the above modifications shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated: ———————— March 25, 2021

Honorable James V. Selna
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on in the case of *Spitz Technologies Corp., v. Nobel Biocare USA LLC et al.*, Case No. 8:17-cv-00660-JVS-JCG, and the modification thereto. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, as modified, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order, and its modifications.

/ / /

1  Date: _____

2  City and State where sworn and signed:

3  _____

4  Printed name: _____

5  Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21